WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Duane Daniel,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Powers,<br><br>    Defendant. | No. CV-18-08296-PCT-MTL (ESW)<br><br>**ORDER** |

    On August 30, 2019, Defendant Powers filed a Motion for Summary Judgment (Doc. 34). The Court issued an Order advising Plaintiff that he must respond to the Motion for Summary Judgment no later than October 9, 2019. (Doc. 36). On September 27, 2019, Plaintiff filed a "Motion for Extension of Time," which explains that Plaintiff "needs to have full discovery and to have it before the Plaintiff will be able to show evidence in opposition to Defendant's Motion for Summary Judgment . . . ." (Doc. 39 at 3). Plaintiff reiterates his need for discovery in his Response (Doc. 51) to the Motion for Summary Judgment.

    To justify a continuance of a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d), the moving party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Denial of a Rule 56(d) motion is proper if the movant fails to comply with the requirements of Rule 56(d) or if the movant has failed to conduct discovery diligently. *See, e.g., United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(d)] is a proper ground for denying relief."); *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

Although Defendant Powers correctly notes that Plaintiff's Motion for Extension (Doc. 39) is not supported by an affidavit or declaration as required by Rule 56(d), the Court does not find that denial of the Motion is warranted on that basis alone because (i) Plaintiff has adequately identified the evidence he hopes to elicit during discovery in order to oppose summary judgment and (ii) documents drafted by pro se prisoners are held to less strict standards than those drafted by attorneys. *See, e.g.*, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (the Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly"). The discovery deadline is currently set for February 28, 2020. (Doc. 40 at 2). The Court does not find that Plaintiff has failed to diligently pursue discovery. Further, the Court remains mindful that "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988)). The Court will grant Plaintiff's Motion for Extension (Doc. 39).

Also pending before the Court is Defendant Powers' "Motion to Stay" (Doc. 48). No response has been filed and the time to do so has passed. *See* LRCiv 7.2(i). For good

cause shown, the Court will grant the Motion (Doc. 48).

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's "Motion for Extension of Time" (Doc. 39).

**IT IS FURTHER ORDERED** setting **January 15, 2020** as the deadline for completing discovery concerning the exhaustion of administrative remedies issue.

**IT IS FURTHER ORDERED** withdrawing Defendant Powers' Motion for Summary Judgment (Doc. 34) as prematurely filed. The deadline for re-filing a motion for summary judgment based on a failure to exhaust administrative remedies is **February 14, 2020**.

**IT IS FURTHER ORDERED** granting Defendant Powers' "Motion to Stay" (Doc. 48).

**IT IS FURTHER ORDERED** staying discovery unrelated to the exhaustion of administrative remedies issue and other deadlines set forth in the Court's Scheduling Order (Doc. 40) until the exhaustion issue is resolved.

Dated this 14th day of November, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge